IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MONARE MOORE,**

                         **Plaintiff,**

      v.                                  CASE NO. 23-3168-JWL

**DONALD HUDSON,**

                         **Defendant.**

## MEMORANDUM AND ORDER

This matter was transferred to this Court on July 10, 2023 from the United States District Court for the Northern District of Illinois after a letter submitted there by Plaintiff Monare Moore was filed as the complaint in a new civil rights lawsuit. (Doc. 3.) That letter alleged that Plaintiff was being prevented from obtaining administrative remedies to black mold at the United States Penitentiary at Leavenworth (USPL), where Plaintiff is currently incarcerated and it sought help in resolving the situation. (Doc. 1.) Upon receipt of the case, this Court issued a notice of deficiency (NOD), advising Plaintiff that he is required to submit his complaint on provided court-approved forms and he must either pay the statutory filing fee or move to proceed without prepayment of fees. (Doc. 6.) The NOD further advised Plaintiff that if he fails to comply with those requirements on or before August 11, 2023, this action may be dismissed without prejudice and without further prior notice to him. *Id.*

Petitioner has now submitted to this Court a letter addressed to the Clerk of Court. (Doc. 7.) In the letter, he explains that the letter he sent to the United States District Court for the Northern District of Illinois was not intended to initiate a lawsuit. He also explains that he is not allowed access to the law library or legal materials at USPL but he anticipates being transferred out of USPL in mid-September of this year. In light of the August 11, 2023 deadline in the notice of deficiency, Plaintiff inquires whether he "could file [his] lawsuit once [he] arrive[s] at [the] new prison [and can] properly educate [him]self on civil lawsuits." *Id.* He explains that he intends to sue over black mold at USPL and allege that corrupt staff members at USPL prevented him from using the administrative remedies process. *Id.*

The Court cannot give Plaintiff legal advice. *See, e.g., Kruskal v. Martinez*, 859 Fed. Appx. 336, 338 (10th

1

Cir. 2021) (unpublished) (holding that a federal district court "could not give legal advice" to a pro se litigant who sought information about where to file his appeal); *Betts v. Spies*, 2022 WL 1288421, *1 (D. Kan. April 29, 2022) (unpublished) ("[T]he Court cannot provide Plaintiff with legal advice."). Thus, the Court cannot advise Plaintiff whether he should pursue this action under the current case number or whether he should voluntarily dismiss this matter and refile the suit at a later date. The Court can, however, inform Plaintiff that if he voluntarily dismisses this case or he fails to comply with the notice of deficiency, this case will be dismissed without prejudice.

A dismissal "without prejudice," generally speaking, "means that the plaintiff isn't barred 'from refiling the lawsuit within the applicable limitations period.'" *See Crowe v. Servin*, 723 Fed. Appx. 595, 598 (10th Cir. 2018) (unpublished). To be clear, a dismissal without prejudice does not "absolve [a plaintiff] of the legal requirement of filing within the applicable statute of limitations." *Id.* Thus, if Plaintiff chooses not to pursue this lawsuit now and to refile it at a later time, he should ensure that he does so within the applicable statute of limitations. In summary, the Court cannot advise Plaintiff whether he should dismiss the current case and refile at a later date because the Court cannot give legal advice. But a dismissal without prejudice alone will not prevent Plaintiff from refiling at a later date.

If Plaintiff chooses not to proceed with this action at this time, he should file with this Court a notice of voluntary dismissal. If Plaintiff chooses to proceed with this action, he must comply with the notice of deficiency and, on or before August 11, 2023, he must (1) file a complaint on the court-approved forms and (2) either pay the filing fee or file a motion to proceed without prepayment of fees. The Court will direct the Clerk of Court to send Plaintiff forms to ensure that they are available if Plaintiff chooses to go forward at this time. If Plaintiff does not timely comply with the notice of deficiency, this action will be dismissed without prejudice without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED** that the Clerk of Court is directed to send Plaintiff the appropriate forms for filing a complaint and for moving to proceed without prepayment of fees.

**IT IS SO ORDERED.**

DATED:   This 20th day of July, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge