IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MONARE MOORE,**

    **Plaintiff,**

    v.                                              CASE NO. 23-3168-JWL

**DONALD HUDSON, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

On July 10, 2023, the United States District Court for the Northern District of Illinois transferred this matter—a civil rights complaint filed by Plaintiff and federal prisoner Monare Moore—to this Court. (Doc. 3.) In a letter dated July 27, 2023, Plaintiff voluntarily dismissed this matter, stating his intent to refile it at a later date. (Doc. 9.) Under Federal Rule of Civil Procedure 41(a)(1), a "plaintiff may dismiss an action without a court order by filing . . . (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." This type of voluntary dismissal "does not require an order of the court" and is effective as of the date the notice is filed. *See Janssen v. Harris*, 321 F.3d 998, 1000-01 (10th Cir. 2003). In addition, "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice." F. R. Civ. P. 41(a)(1)(B).

This matter comes now before this Court on the amended complaint (Doc. 10) and motion for leave to proceed in forma pauperis (Doc. 11) the Court received from Plaintiff on March 1, 2024. Both documents bear the case number 23-3168-JWL. (*See* Docs. 10 and 11.) Liberally construing the documents, as is appropriate since Plaintiff proceeds pro se, it appears that Plaintiff

1

wishes to withdraw his voluntarily dismissal and proceed under this case number. But he has neither filed a motion to reopen nor otherwise addressed the fact that this matter is closed.

A motion to reopen a dismissed case may be brought under Federal Rule of Civil Procedure 60. But even if the Court liberally construed Plaintiff's latest submissions as a Rule 60 motion, it could not grant the motion. The Tenth Circuit has held that "a voluntary dismissal without prejudice under Rule 41(a) divests the district court of subject-matter jurisdiction to consider a Rule 60(b) motion to reopen." *Waetzig v. Halliburton Energy Servs., Inc.*, 82 F.4th 918, 920 (10th Cir. 2023). "'The effect of the filing of a notice of dismissal pursuant to Rule 41(a)(1)[(A)](i) is to leave the parties as though no action had been brought.'" *Id.* at 921 (quoting *Janssen*, 321 F.3d at 1000).

Because the voluntary dismissal was without prejudice, Plaintiff may file a new civil rights action based on the same claims and the Court will direct the clerk to provide to Plaintiff the required court-approved forms for doing so. Plaintiff may not, however, continue under this case number. This case was closed upon the filing of the notice of voluntary dismissal and will remain closed. The motion to proceed in forma pauperis is therefore denied as moot.

**IT IS THEREFORE ORDERED BY THE COURT** that the motion to proceed in forma pauperis (Doc. 11) is **denied as moot** and no further action will be taken in this matter. The clerk is directed to provide Plaintiff with the court-approved forms for filing a new civil rights action and for seeking leave to proceed in that action in forma pauperis.

**IT IS SO ORDERED**.

**Dated March 11, 2024, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge