IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MONARE MOORE,

      Plaintiff,

      v.                                                   CASE NO. 23-3168-JWL

DONALD HUDSON, et al.,

      Defendants.

## MEMORANDUM AND ORDER

On July 10, 2023, the United States District Court for the Northern District of Illinois transferred this matter to this Court. (Doc. 3.) Because the documents received from the United States District Court for the Northern District of Illinois were not on the forms required by this Court, this Court issued a notice of deficiency, informing Plaintiff and federal prisoner Monare Moore that he was required on or before August 11, 2023 (1) to resubmit his complaint on the required form and (2) to either pay the statutorily required filing fee or submit a motion to proceed without prepayment of fees. (Doc. 6.) When the clerk of this Court mailed the notice of deficiency to Plaintiff, the required forms for an amended complaint and a motion to proceed without prepayment of fees were included, with this case number pre-printed upon them.

On July 19, 2023, the Court received a letter from Plaintiff explaining that he had not intended the documents he sent to the United States District Court for the Northern District of Illinois to initiate a lawsuit. (Doc. 7.) He also informed this Court that he anticipated being transferred from the United States Penitentiary at Leavenworth, Kansas (USPL) in mid-September 2023. *Id.* Thus, in light of the August 11, 2023 deadline to comply with the notice of deficiency,

1

Plaintiff inquired whether that deadline could be extended until after Plaintiff arrived at the new prison and had time for additional research. *Id.*

On July 20, 2023, the Court issued a memorandum and order that explained to Plaintiff that the Court cannot give him legal advice, so it could not advise him whether he should continue in the current matter or voluntarily dismiss this matter and refile his suit at a later date. (Doc. 8, p. 1-2.) The Court further explained that if Petitioner wished to file a notice of voluntary dismissal, this matter would be dismissed without prejudice, meaning that he could file a new suit based on the same claims within the relevant statute of limitations. *Id.* at 2. The memorandum and order concluded:

> If Plaintiff chooses not to proceed with this action at this time, he should file with this Court a notice of voluntary dismissal. If Plaintiff chooses to proceed with this action, he must comply with the notice of deficiency and, on or before August 11, 2023, he must (1) file a complaint on the court-approved forms and (2) either pay the filing fee or file a motion to proceed without prepayment of fees. The Court will direct the Clerk of Court to send Plaintiff forms to ensure that they are available if Plaintiff chooses to go forward at this time. If Plaintiff does not timely comply with the notice of deficiency, this action will be dismissed without prejudice without further prior notice to Plaintiff.

*Id.*

On July 31, 2023, the Court received from Plaintiff a letter that stated, in relevant part: "I'm writ[]ing this Court today of a voluntary dismissal of this civil case. . . . I will refile at a later time meeting the applicable statute of limitation." (Doc. 9.) The Court construed this letter as a notice of voluntary dismissal.

The Court received nothing further from Plaintiff until March 1, 2024, when it received a handwritten "Amended Complaint" and a motion to proceed without prepayment of fees. (Docs. 10 and 11.) The motion was on the required form, with the case number 23-3168-JWL preprinted on it, and the complaint, which was handwritten and not on the required form, also included this

case number. *Id.* Because both documents bore the case number 23-3168-JWL, the clerk filed them in this matter. On March 11, 2024, the Court issued a memorandum and order denying the motion as moot and explaining that the Court will take no further action in this matter due to the voluntary dismissal. (*See* Doc. 12.) The Court further explained:

> Because the voluntary dismissal was without prejudice, Plaintiff may file a new civil rights action based on the same claims and the Court will direct the clerk to provide to Plaintiff the required court-approved forms for doing so. Plaintiff may not, however, continue under this case number. This case was closed upon the filing of the notice of voluntary dismissal and will remain closed.

(Doc. 12, p. 2.)

The memorandum and order was mailed to Plaintiff at his address of record: USPL. On April 11, 2024, the mail was returned to the Court marked to indicate that Plaintiff was no longer at USPL. (Doc. 13.) Federal Bureau of Prisons records indicated Plaintiff's current location was FCI- Pekin, so the clerk remailed the memorandum and order to Plaintiff at that address. *Id.*

On May 8, 2024, the Court received a document from Plaintiff entitled "Motion for Copies of the Amended Complaint to Correct Records Pursuant to Fed. R. Civ. P. 60." (Doc. 14.) Therein, Plaintiff seeks copies of the amended complaint filed March 1, 2024 at Doc. 10. He explains that when he sent the letter regarding voluntary dismissal of this matter, he merely "'wanted to file at a later date'" but he did "'not want[] to divest [this Court of] authority or jurisdiction'" over this matter. *Id.* at 1. Rather, he wanted "to 'retain the opportunity to amend a correctable error' as with matters dismissed without prejudice." *Id.* Plaintiff asserts that his intent was to request a stay, not to dismiss his claims. *Id.* Plaintiff further explains that he used this case number on the amended complaint only because it was on the forms sent to him with the notice of deficiency. *Id.* He characterizes this as a clerical error. *Id.* Nevertheless, Plaintiff "acknowledges that case 23-cv-03168-JWL is closed"; he merely wishes to clarify to the Court his intent in filing the amended

complaint and motion for leave to proceed without prepayment of fees. *Id.* at 2. He requests a copy of the amended complaint so that he may file the document as a complaint that will begin a new case in this Court. *Id.* at 1-2.

Plaintiff's clarification is appreciated. The Court notes that the forms sent to Plaintiff with the notice of deficiency were pre-printed with this case number because, at the time, the Court was not yet aware that Plaintiff had not intended to initiate a lawsuit when he submitted the papers to the United States District Court for the Northern District of Illinois. Thus, the forms sent with the notice of deficiency were intended to facilitate Plaintiff re-submitting his complaint and submitting a motion to proceed without prepayment of fees in this matter. The Court will direct the clerk to provide to Plaintiff the required forms for filing a complaint and for moving for leave to proceed without prepayment of fees. The portion of those forms that indicate the case number will be blank and Plaintiff should not write in a case number before returning them. A new case number will be assigned by the clerk if and when Plaintiff chooses to submit the forms to initiate a new lawsuit in this Court. Plaintiff is cautioned that he is required to use the forms supplied; he may not submit handwritten pages as a substitute.

Moreover, the Court will grant Plaintiff's request for a copy of that document. Generally, the Court requires prepayment for copies of filed documents at a cost of $0.10 per page. Under the particular circumstances of this case, however, the Court will direct the clerk to provide Plaintiff with one copy at no cost. If Plaintiff wishes to obtain additional copies, he should contact the clerk's office for information on how to request additional copies and how to prepay the fee for such copies.

Finally, the Court notes that Plaintiff has yet to submit a notice of change of address despite apparently now being incarcerated at FCI-Pekin. Local Rule 5.1(b)(3) states that "[e]ach attorney

4

or pro se party must notify the clerk of any change of address or telephone number." If Plaintiff chooses to begin a new case in this Court, he must comply with Rule 5.1(b)(3) and ensure that the Court has his current address.

**IT IS THEREFORE ORDERED BY THE COURT** that the motion (Doc. 14) is **granted**. The clerk is directed to provide Plaintiff with one copy of the amended complaint filed at Doc. 10 at no cost to Plaintiff. The clerk is further directed to provide Plaintiff with blank forms for initiating a new *Bivens* action and for seeking leave to proceed in that action without prepayment of fees. A case number will be assigned to Plaintiff's new *Bivens* action if and when he submits the required form complaint. This matter shall remain closed.

**IT IS SO ORDERED**.

**Dated May 10, 2024, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
